IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THYSSENKRUPP ELEVATOR CORP., ) </br> ) </br> Plaintiff, ) </br> v.                                       ) </br> ) </br> THE UNITED STATES POSTAL SERVICE, ) </br> ) </br> Defendant. ) | No. 05 C 2665 </br></br> Magistrate Judge </br> Arlander Keys |

**MEMORANDUM OPINION AND ORDER**

ThyssenKrupp Elevator Corporation, as its name suggests, repairs and maintains elevators. On February 17, 2004, ThyssenKrupp contracted with the United States Postal Service to perform repair work on the elevator system at the Postal Service's 433 West Harrison building in Chicago. Under the terms of the contract, the Postal Service agreed to pay ThyssenKrupp $14,907.00 for the repair work. Apparently, it never paid, and ThyssenKrupp sued, in this Court, alleging breach of contract and *quantum meruit* claims. The parties consented to proceed before a United States Magistrate Judge, and the case was reassigned to this Court on October 12, 2005.

On February 1, 2006, the Postal Service moved to dismiss the complaint for lack of subject matter jurisdiction. The Court agrees that jurisdiction is lacking and, therefore, grants the motion. The Contracts Dispute Act gives the Court of Federal Claims exclusive jurisdiction over certain types of contract disputes with the federal government. See 41 U.S.C. § 609(a).

*See also Nationwide Insurance Co. v. United States*, 114 F. Supp. 2d 745, 749 (N.D. Ill. 2000); *Johnson v. Runyon*, No. 94 C 1024, 1994 WL 285076, at *1 (N.D. Ill. June 24, 1994)). More specifically, the CDA applies to any express or implied contract entered into by an executive agency for the procurement of property, the procurement of services, the procurement of construction, alteration, repair or maintenance of real property, or the disposal of personal property. 41 U.S.C. §602(a).

ThyssenKrupp does not dispute that the contract it signed with the Postal Service is the type of contract that would fall within the ambit of the CDA. It argues, however, that the CDA divests the district courts of jurisdiction only when the contractor's claim seeks $10,000 or more. ThyssenKrupp further argues that, although the prayer for relief in its complaint seeks more than that, it has consented to the entry of judgment in an amount not to exceed $9,999.99, thereby permitting this Court to exercise subject matter jurisdiction.

As an initial matter, the Court notes that, if the law were as ThyssenKrupp contends, the consent to judgment could properly be considered in determining whether jurisdiction exists. *See, e.g., Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) ("The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to

*See also Nationwide Insurance Co. v. United States*, 114 F. Supp. 2d 745, 749 (N.D. Ill. 2000); *Johnson v. Runyon*, No. 94 C 1024, 1994 WL 285076, at *1 (N.D. Ill. June 24, 1994)). More specifically, the CDA applies to any express or implied contract entered into by an executive agency for the procurement of property, the procurement of services, the procurement of construction, alteration, repair or maintenance of real property, or the disposal of personal property. 41 U.S.C. §602(a).

ThyssenKrupp does not dispute that the contract it signed with the Postal Service is the type of contract that would fall within the ambit of the CDA. It argues, however, that the CDA divests the district courts of jurisdiction only when the contractor's claim seeks $10,000 or more. ThyssenKrupp further argues that, although the prayer for relief in its complaint seeks more than that, it has consented to the entry of judgment in an amount not to exceed $9,999.99, thereby permitting this Court to exercise subject matter jurisdiction.

As an initial matter, the Court notes that, if the law were as ThyssenKrupp contends, the consent to judgment could properly be considered in determining whether jurisdiction exists. *See, e.g., Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) ("The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to

determine whether in fact subject matter jurisdiction exists.") (citing *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir. 1979); *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); *Rennie v. Garrett,* 896 F.2d 1057, 1057-58 (7th Cir. 1990)). But the law is not as ThyssenKrupp contends.

Contrary to ThyssenKrupp's contention, the CDA does not distinguish between contract claims for more than $10,000 and contract claims for less than $10,000; rather, it divests the district court of jurisdiction for government covered contract claims regardless of dollar value.

To support its position, ThyssenKrupp cites *Westwood Promotions, Inc. v. United States Postal Service,* 718 F.Supp. 690 (N.D. Ill. 1989), which it says holds that "the district court has no jurisdiction over breach of contract claims against the Postal Service in excess of $10,000," thereby implying that the Court *does* have jurisdiction of claims under $10,000. *See* ThyssenKrupp's Response to Defendant Postal Service's Motion to Dismiss, p. 2. The case holds no such thing. The only language dealing with breach of contract in *Westwood* concerns the Tucker Act, which, although it includes a dollar amount in its jurisdiction provision, is not at issue here. In fact, the same paragraph of the Tucker Act that includes the $10,000 threshold also includes an express statement that

> the district courts shall not have jurisdiction of any
> civil action or claim against the United States founded

3

upon any express or implied contract with the United
States or for liquidated or unliquidated damages in
cases not sounding in tort which are subject to
sections 8(g)(1) and 10(a)(1) of the Contract Disputes
Act of 1978.

28 U.S.C. §1346(a)(2).

Quite simply, even a cursory reading of *Westwood* and the relevant law should have disabused ThyssenKrupp's counsel of the notion that her client could pursue its claim in this Court. The Postal Service's motion to dismiss for lack of subject matter jurisdiction [Docket #19] is granted. ThyssenKrupp's complaint is dismissed with prejudice.

Dated: March 2, 2006

                              ENTER:

                              */s/ Arlander Keys*
                              ARLANDER KEYS
                              United States Magistrate Judge